IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES BROWN, # N-00865, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-00954-JPG |
| | ) | |
| GREENSFELDER HEMKER & GALE | ) | |
| and BRANT M. FELTNER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff James Brown, an inmate currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1). Plaintiff is serving 60-year sentences for attempted murder and aggravated battery. He now sues his former attorney, Brant Feltner, and his employer, Greensfelder Hemker & Gale, for legal malpractice (Doc. 1, pp. 4-10). Plaintiff seeks monetary damages (Doc. 1, p. 11).

### The Complaint

Plaintiff filed a civil rights action against several Lawrence officials in 2009 (Doc. 1, p. 4). At the time, he also filed a motion for appointment of counsel. The Court granted Plaintiff's motion and on September 24, 2010, recruited Defendant Feltner, an associate with Greensfelder Hemker & Gale, to represent Plaintiff in prosecuting his claims (Doc. 1, p. 5).

Plaintiff now sues both for the services they provided, blaming them for the dismissal of his claims on summary judgment (Doc. 1, pp. 6-10). Plaintiff maintains that his claims would have survived summary judgment if Defendant Feltner had: (1) more experience in handling

1

prisoner rights litigation; (2) provided Plaintiff with copies of deposition testimony for review; (3) conferred with Plaintiff before filing a response to the summary judgment motions; and/or (4) represented Plaintiff in appealing the summary judgment decision.

Plaintiff also outlines for the Court the services Defendants provided. According to the complaint, Defendant Feltner conducted "a lengthy phone conversation" with Plaintiff around November 5, 2010 (Doc. 1, p. 5). During the conversation, Defendant Feltner confirmed that he had reviewed Plaintiff's complaint. The two then discussed Plaintiff's claims in detail.

They again spoke on February 7, 2011. Defendant Feltner advised Plaintiff that he would be traveling to the prison to depose several defendants. He indicated that he would meet with Plaintiff and discuss deposition questions beforehand. That is exactly what Defendant Feltner did. The two met at the prison on February 9, 2011. They again reviewed the complaint, and Plaintiff provided Defendant Feltner with a list of questions to ask at the depositions. Defendant Feltner incorporated Plaintiff's questions into the depositions. He deposed several nurses at the prison on February 9, 2011, and a doctor by phone on April 9, 2011.

Plaintiff did not hear from Defendant Feltner again until August 25, 2011 (Doc. 1, p. 6). At that time, Defendant Feltner advised Plaintiff by phone that the defendants had filed motions for summary judgment. The Court ultimately granted these motions on September 14, 2011. Plaintiff demanded that Defendants represent him in appealing the summary judgment decision, which Defendants declined to do (Doc. 1, p. 7). Plaintiff subsequently lost his appeal. He now seeks monetary damages from Defendants under § 1983 and the FTCA.

**Merits Review Under § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner

complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). After fully considering the allegations in the complaint, the Court concludes that it fails to state any cognizable claim and shall be dismissed.

Plaintiff raises this legal malpractice claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (**Count 1**), and under 42 U.S.C. § 1983 (**Count 2**). The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. Defendants Feltner and his employer are neither federal nor state officials. Therefore, Plaintiff's FTCA claim (**Count 1**) must be dismissed with prejudice.

Plaintiff's legal malpractice claims under 42 U.S.C. § 1983 (**Count 2**) are equally unavailing. "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States ... of any rights, privileges, or immunities secured

by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). A defendant can never be held liable under Section 1983 for negligence, or even gross negligence. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). Further, it is well-settled that a plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a court-appointed attorney, even if employed by the state, may not be sued under 42 U.S.C. § 1983 for legal malpractice because such an attorney does not act "under color of state law." *Id.* at 324-25; *see also Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995). Plaintiff's negligence claims against non-state actors, including both defendants, cannot proceed under § 1983. Legal malpractice claims belong in state court, and this Court expresses no opinion on the merits of Plaintiff's claims. Accordingly, **Count 2** must also be dismissed. However, dismissal shall be without prejudice to plaintiff pursuing a claim for possible relief under state tort law.

### Pending Motions

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate order of the Court.

Plaintiff has also filed a motion for recruitment of counsel (Doc. 3), which is **DENIED**.

### Disposition

**IT IS HEREBY ORDERED** that Count 1 is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Count 2 is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that Defendants **GREENSFELDER HEMKER & GALE**

and **FELTNER** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 9, 2013**

*s/ J. Phil Gilbert*
United States District Judge
